Timothy R. Kurtz, ISB: 8774
Chapter 7 Bankruptcy Trustee
PO Box 956
Boise, Idaho 83702
Telephone: (208) 287-8125
Facsimile:  (208) 287-8130
Email: trk@kurtztrustee.com

*Trustee/Appellant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>BRITTANY NICOLE WILLIAMS<br><br>        Debtor.<br>_____<br>TIMOTHY R. KURTZ, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the above-referenced Debtor,<br><br>        Appellant,<br><br>v.<br><br>BRITTANY NICOLE WILLIAMS,<br><br>        Appellee. | Bankruptcy Case No. 25-00264-BPH<br><br><br><br><br>United States District Court<br>Case No. 1:25-cv-00549-BLW<br><br>**APPELLANT'S OPENING BRIEF** |

Appeal from the United States Bankruptcy Court for the District of Idaho
The Honorable Benjamin P. Hursh, presiding

*(counsel designation to follow on next page)*

APPELLANT'S OPENING BRIEF – Page 1

Timothy R. Kurtz
Chapter 7 Trustee
PO Box 956
Boise, ID 83702
(208) 287-8125
trk@kurtztrustee.com
*Chapter 7 Trustee*

D Blair Clark
967 E. Parkcenter Boulevard #282
Boise, ID 83706
(208) 475-2050
dbc@dbclarklaw.com
*Attorney for Brittany Nicole Williams*

## DISCLOSURE STATEMENT

Pursuant to Fed. R. Bankr. Proc. 8012, Trustee discloses that to his knowledge Brittany Nicole Williams is the only Debtor in the underlying bankruptcy case, and that no parties are corporations.

# TABLE OF CONTENTS

I.      STATEMENT OF JURISDICTION ........................................................7

II.     STATEMENT OF ISSUES PRESENTED FOR APPEAL ......................8

III.    STATEMENT OF THE CASE .................................................................8

      A.    Standard of Appellate Review ......................................................8

      B.    Statement of Relevant Facts...........................................................8

IV.    SUMMARY OF ARGUMENT.................................................................9

V.     ARGUMENT...........................................................................................10

      A.    Basic Principles of Vehicle Exemption Law in Idaho ...............10

      B.    The Court's Decision is Inconsistent with the Purpose
           and Intent of the Vehicle Exemption Statute...............................11

      C.    The Court's Decision Disregards and Overrules Idaho
           Case Law When No Statutory Change Has Been Made .............15

      D.    The Court's Decision Opens the Door For Any Motor
           Vehicle to be Exempted, Leading to Absurd Results That
           Are Inconsistent With the Purpose of the Vehicle Exemption
           Statute ........................................................................................21

VI.    CONCLUSION ......................................................................................22

# TABLE OF AUTHORITIES

## Cases

C.I.R. v. Bosch's Estate,
    387 U.S. 456, 87 S. Ct. 1776, 18 L. Ed. 2d 886 (1967) ...................................17

Connell v. Lima Corporate,
    988 F.3d 1089, 1107-08 (9th Cir. 2021) ...........................................................17

Fitzgerald v. Leary (In re Leary),
    91 I.B.C.R. 68 (D. Idaho 1991)..................................................................14, 15

In re Atkinson,
    22-00024-NGH.............................................................................................12, 16

In re Baird,
    89 I.B.C.R. 149 (Bankr. D. Idaho 1989)....................................................14, 15

In re City of Vallejo,
    408 B.R. 280 (9th Cir. BAP 2009)....................................................................8

In re Guinn,
    18-0544-TLM (Bankr. D. Idaho, 2018) ...........................................................12

In re Haworth,
    604 B.R. 394 (Bankr. D. Idaho 2019) ..................................................... 11, 14

In re SK Foods, L.P.,
    676 F.3d 798, 802 (9th Cir. 2012)....................................................................7

In re Sanders,
    03.1 I.B.C.R. 57 (Bankr. D. Idaho 2003)................................11, 13, 14, 15, 22

In re Thomas,
    97.2 I.B.C.R. 39 (Bankr. D. Idaho 1997)..................................................14, 15

In re Walsh,
    14-01778-TLM (Bankr. D. Idaho, 2014) .........................................................12

In re Williams,
    2025 Bankr. LEXIS 2213..................................................................12, 17, 18

State v. McKie,
 163 Idaho 675 ................................................................17, 18, 19, 20

State v. Trusdall,
 155 Idaho 965, 318 P.3d 955 (Ct. App. 2014) .....................17, 18, 20

**Statutes**

11 U.S.C. § 541(a)(1) ................................................................10

11 U.S.C. § 522(b)(2) or (3) ...............................................10, 11

28 U.S.C. § 157(b)(2)(B) ............................................................7

28 U.S.C. §158(a) ......................................................................7

Idaho Code § 11-605(3) ................................... 7, 8, 9, 10, 11, 12, 14, 15, 16, 20, 22

Idaho Code § 11-609 (2025) ....................................................10

Idaho Code § 18-8004 .........................................................19, 20

Idaho Code § 49-107 ..........................................................13, 17

Idaho Code Ann. § 49-123(2)(a) .........................................13, 17, 18

Idaho Code Ann. § 49-123(2)(h) .......................................12, 13, 18, 19

**Rules**

Fed. R. Bankr. P. 4003(c). .......................................................11

Fed. R. Bankr. P. 8015(a)(5) .....................................................24

Fed. R. Bankr. P. 8015(a)(6) .....................................................24

Fed. R. Bankr. P. 8015(a)(7)(B) ................................................24

Fed. R. Bankr. P. 8015(g) .........................................................24

## I.   <u>STATEMENT OF JURISDICTION</u>

This case arises under Title 11, United States Code, or arises in or is related to a case under Title 11.  The Bankruptcy Court therefore had jurisdiction pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334.  Allowance or disallowance of an exemption from property of the estate is a core proceeding. 28 U.S.C. § 157(b)(2)(B).  This Court has appellate jurisdiction over "final judgments, orders, and decrees" of bankruptcy judges pursuant to 28 U.S.C. §158(a).  "A bankruptcy court order is considered final "where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) (internal quotation marks and citations omitted).

The Bankruptcy Court issued a *Memorandum Decision* on September 5, 2025, and its related *Order* on September 5, 2025.  Trustee filed his Objection to Exemption (Dkt. 27) on June 13, 2025, arguing that because the subject vehicle was not registered on the petition date, and therefore not legally operable, the debtor cannot claim an exemption under Idaho Code § 11-605(3), and Brittany Williams ("Debtor") filed her Response and Opposition to Trustee's Objection to Claim of Exemption on June 14, 2025, arguing that a change in the governing statute removed the requirement that a vehicle be registered to qualify for the exemption (Dkt. 28)

("Response"). The Court conducted a hearing on July 11, 2025, in which the parties argued their positions. For the reasons stated in the Memorandum of Decision (Dkt. 37), the Court ordered that the chapter 7 trustee's Objection to the Debtor's Claim of Exemption, Doc. No. 27, is overruled. Trustee timely filed a Notice of Appeal and Statement of Election to proceed to the United States District Court of Idaho. Accordingly, the Bankruptcy Court's *Order*, which is the subject of this appeal, is a final, appealable order and jurisdiction is proper in this Court.

## II.    STATEMENT OF THE ISSUES PRESENTED FOR APPEAL

Did the Bankruptcy Court err in overruling the Trustee's objection to Debtor's claim of exemption pursuant to Idaho Code § 11-605(3), and determining that a motor vehicle does not need to be lawfully registered in order to qualify as exempt under Idaho Code § 11-605(3)?

## III.    STATEMENT OF THE CASE

### A.    Standard of Appellate Review

The question of whether an unregistered vehicle can qualify as exempt under Idaho Code § 11-605(3) is a legal question reviewed de novo. See e.g. *In re City of Vallejo)*, 408 B.R. 280, 288-89 (9th Cir. BAP 2009).

### B.    Statement of Relevant Facts

The facts surrounding this case are not disputed, and were summarized by the Bankruptcy Court in its decision:

Debtor filed her petition on April 16, 2025. On Schedule C, Debtor listed a 2020 Kia Sorento and claimed a $10,000 exemption pursuant to Idaho Code § 11-605(3). The 2020 Kia Sorento was unregistered on the petition date.

*Dkt. 37, p. 2.*

Importantly, the parties do not dispute that the 2020 Kia Sorento ("Vehicle") was unregistered on the petition date.

## IV.    SUMMARY OF THE ARGUMENT

Trustee argues that in order for a vehicle to qualify as exempt under Idaho Code § 11-605(3), that vehicle must not only be self-propelled, but also must be capable of being lawfully operated on a public street or highway, and, at a minimum, that requires the vehicle to be registered and properly equipped in accordance with Idaho's motor vehicle laws. This is consistent with the principal purpose of the motor vehicle exemption which is to protect the debtor's means of transportation to meet daily needs.

From 2003 through 2022, three Idaho Bankruptcy Judges have consistently recognized that in order for a vehicle to qualify as exempt under Idaho Code § 11-605(3), that vehicle must not only be self-propelled, but also must be capable of being lawfully operated on a public street or highway. At a minimum, that requires the vehicle to be registered and properly equipped in accordance with Idaho's motor vehicle laws.

Notwithstanding the previous decisions, Judge Hursh concluded in this case that a vehicle does not need to be registered to qualify as exempt under Idaho Code § 11-605(3), relying upon criminal cases in which the Idaho Court of Appeals was addressing whether the vehicles being driven, a moped and a UTV, would subject a criminal defendant to the Idaho DUI statute.

For the reasons discussed below, Judge Hursh's conclusion that an unregistered vehicle can qualify as being exempt should be reversed and this Court should decide that the unregistered vehicle is not exempt.

## V.    ARGUMENT

### A.    Basic Principles of Exemption Law in Idaho

When a petition for bankruptcy is filed, all legal or equitable interests of the debtor in property become property of the bankruptcy estate and are available for distribution to creditors. 11 U.S.C. 541(a)(1). However, 11 U.S.C. 522(b)(1) allows individual debtors to exempt property from the bankruptcy estate, and to thereby protect it from administration by a trustee. Pursuant 11 U.S.C. 522(b)(2), a state may opt out of the exemption scheme provided in the Bankruptcy Code. If it does so, debtors filing for bankruptcy relief in that state may claim only property exempt under state law. Idaho has opted out of the federal exemptions. Idaho Code § 11-609 (2025).  Because Idaho has opted out of the Code's exemption scheme,

debtors in this state may claim only those exemptions allowable under Idaho law. *In re Haworth*, 604 B.R. 394, 395 (Bankr. D. Idaho 2019).

Idaho Code 11-605(3) provides that: (3) An individual is entitled to exemption, not exceeding ten thousand dollars ($10,000) in aggregate value, of implements, professional books, business equipment and tools of the trade; and to an exemption of one (1) motor vehicle to the extent of a value not exceeding ten thousand dollars ($10,000).

As the objecting party, a trustee bears the burden of proving that a debtor's claim of exemption is not proper. Fed. R. Bankr. P. 4003(c). If the trustee produces evidence sufficient to rebut the validity of the debtor's claimed exemption, the burden shifts to the debtor to demonstrate that the claimed exemption is valid. The validity of the claimed exemption is determined as of the date of the filing of the bankruptcy petition. 11 U.S.C. 522(b)(3)(A). Exemption statutes are to be liberally construed in favor of the debtor.

## B.    The Court's Decision is Inconsistent with the Purpose and Intent of the Vehicle Exemption Statute

On the date the bankruptcy petition was filed in this case, the Vehicle was not registered.  Idaho bankruptcy decisions have consistently recognized that, in order to qualify for the vehicle exemption, the vehicle in question must meet statutory definitions of "vehicle" found in Idaho statutes.  See e.g., *In re Haworth*, 604 B.R. 394 (Bankr. D. Idaho, 2019); *In re Sanders*, 03.1 I.B.C.R. 57 (Bankr. D.

Idaho 2003); 2003 Bankr. LEXIS 2217, *1; *In re Walsh*, 14-01778-TLM (Bankr. D. Idaho, 2014); *In re Guinn*, 18-0544-TLM (Bankr. D. Idaho, 2018), and *In re Atkinson*, 22-00024-NGH (Bankr. D. Idaho, 2022). Because there is no factual dispute that the Vehicle was not registered on the petition date, it was not able to be lawfully operated on the Idaho highways, and therefore does not qualify for the stated exemption. Therefore, this exemption should be disallowed.

Judge Hursh's decision in *In re Williams,* that registration is not essential to claiming an exemption under Idaho Code 11-605(3), is inconsistent with the longstanding approach to interpretation of the exemption statute, that a vehicle must not only be self-propelled, but also must be cable of being lawfully operated on a public street or highway, and at a minimum this requires the vehicle to be registered and properly equipped in accordance with Idaho's motor vehicle laws. The United States Bankruptcy District Court of Idaho has unanimously interpreted the state exemption statute consistently over 20 years, with no changes to the statute, to fulfill the purpose of the motor vehicle exemption law, which is to protect the debtor's means of transportation to meet ordinary daily needs.

This Court has traditionally utilized the definition of "motor vehicle" provided in Idaho Code Ann. § 49-123(2)(h) to determine the scope of the exemption allowed by Idaho Code Ann. § 11-605(3). 49-123(2)(h) provides: that a motor vehicle is every vehicle that is self-propelled, and for the purpose of titling

and registration meets federal motor vehicle safety standards as defined in section

49-107, Idaho Code. A motor vehicle does not include vehicles moved solely by

human power, electric personal assistive mobility devices, personal delivery

devices, electric-assisted bicycles, and motorized wheelchairs or other such

vehicles that are specifically exempt from titling or registration requirements under

title 49, Idaho Code. Idaho Code Ann. § 49-123(2)(h). Effective July 1, 2019, the

definition of "motor vehicle" was amended to add the exclusion of electric-assisted

bicycles, and to fix a grammatical error.

Importantly, as reasoned by Judge Pappas in the case of *In re Sanders*, 03.1

I.B.C.R. 57 (Bankr. D. Idaho 2003); 2003 Bankr. LEXIS 2217, *1, because the

definition of "motor vehicle" under the Idaho Code incorporates the term "vehicle,"

the Court must also consult Idaho Code Ann. § 49-123(2)(a) and utilize the

definition of "vehicle" found therein. That section defines "vehicle" generally as

"every device in, upon, or by which any person or property is or may be

transported or drawn upon a highway, excepting devices used exclusively upon

stationary rails or tracks." Idaho Code Ann. § 49-123(2)(a). In interpreting this

definition, Judge Pappas reasoned that, in other words, the term "motor vehicle"

actually refers to a subset of the broader term, "vehicle." Reading the definitions in

concert, then, and ignoring the exceptions mentioned in the statutes not relevant

here, a motor vehicle would include every device in, upon, or by which a person or

property is or may be transported upon a highway and which is self-propelled.  *In re Haworth*, 604 B.R. 394, 395, citing to *In re Sanders*, 2003 Bankr. LEXIS 2217, *1.  While exemption statutes are to be construed liberally in favor of the debtor, the principal purpose of the motor vehicle exemption is to protect the debtor's means of transportation to meet daily needs. Courts decline to construe the statute in a manner so as to include off-road vehicles, recreational vehicles, or those vehicles whose operation on the public highways would be illegal. In this fashion, the interests of both the debtor and the public can properly be accommodated.  *In re Haworth at 395; In re Sanders at *9.*

As Judge Pappas further explained in the *In re Sanders* decision, the bankruptcy court, in interpreting Idaho law, has construed the "is or may be used upon the highway" component of the definition of an exempt motor vehicle as a reference to the *lawful* use of the vehicle. If the subject vehicle could not be lawfully operated on a public street or highway, the Court has refused to allow the debtor to claim an exemption under Idaho Code 11-605(3). *See Fitzgerald v. Leary (In re Leary),* 91 I.B.C.R. 68 (D. Idaho 1991) (denying exemption in snowmobile); *In re Thomas,* 97.2 I.B.C.R. 39 (Bankr. D. Idaho 1997) (denying motor vehicle exemption in an ATV (all-terrain vehicle)); *In re Baird,* 89 I.B.C.R. 149 (Bankr. D. Idaho 1989) (denying exemption in ATV). Lawful use in those cases required that the subject vehicle be registered. *Leary,* 91 I.B.C.R. at

68; *Thomas,* 97.2 I.B.C.R. at 39; *Baird,* 89 I.B.C.R. at 150. In addition, these decisions at least implied that the vehicle must be "street legal" to qualify for an exemption. *Leary,* 91 I.B.C.R. at 68; *Thomas,* 97.2 I.B.C.R. at 150.  *In re Sanders,* 2003 Bankr. LEXIS 2217, *6-7.  In addition, the decisions at least implied that the vehicle must be "street legal" to qualify for an exemption.  *Id.*

In conclusion, Judge Pappas summarized Idaho's longstanding interpretation of the vehicle exemption statute:

> Given this statutory and decisional backdrop……in order for a vehicle to qualify as exempt under Idaho Code § 11-605(3), that vehicle must not only be self-propelled, but also must be capable of being lawfully operated on a public street or highway. At a minimum, that requires the vehicle to be registered and properly equipped in accordance with Idaho's motor vehicle laws. This approach is consistent with the purpose of the motor vehicle exemption law. While exemption statutes are to be construed liberally in favor of the debtor, the principal purpose of the motor vehicle exemption is to protect the debtor's means of transportation to meet ordinary daily needs. The Court declines to construe the statute in a manner so as to include off-road vehicles, recreational vehicles, or those vehicles whose operation on the public highways would be illegal. In this fashion, the interests of both the debtor and the public can be properly accommodated.

*In re Sanders*, 2003 Bankr. LEXIS 2217, *9.

### C.   The Court's Decision Disregards and Overrules Idaho Case Law When No Statutory Change Has Been Made

Idaho case law on this subject has not changed for over 20 years, and since that time, there have been no material changes to the vehicle exemption statute.

Judge Hursh's decision overturns Judge Pappas's decision in *In re Sanders*, as well as lasting Idaho case law. Judge Hursh even suggests he is doing so because he does not find the decisions persuasive, citing *In re Atkinson*, 22-00024-NGH, which is directly on point and was recently decided by the Honorable Chief Bankruptcy Judge Noah G. Hillen, and which concluded that for purposes of determining whether something qualifies as a "motor vehicle" under the exemption statute, the courts have primarily focused on two issues: (a) whether the vehicle was self-propelled; and (b) capable of being lawfully operated on the public roadways. *In re Atkinson* was decided correctly, that since it was not lawful to operate an unregistered vehicle on the public roadways, the objection to the claim of exemption was sustained.

Importantly, the vehicle exemption statute of I.C. § 11-605(3) has not changed, and the United States Bankruptcy Court for the District of Idaho has always interpreted the statute to conform to the purpose of the exemption statute, to protect the debtor's means of transportation to meet ordinary daily needs. This is the reason why one motor vehicle is allowed to be exempted, or two vehicles if there are joint debtors, to allow the debtors the ability to exempt a vehicle they can legally operate on the highways. Judge Hursh's decision opens the door for any self-propelled vehicle to be exempted, whether or not the vehicle can be operated legally. However, allowing an exemption for an illegal vehicle that cannot be driven on the highways is not consistent with the purpose of the statute.

In his decision, Judge Hursh stated:

> [W]hen interpreting statutes, the role of the court is to interpret what is
> written, not what might have been written.  Citing *Connell v. Lima
> Corporate*, 988 F.3d 1089, 1107-08 (9th Cir. 2021).

> Moreover, when a state statute is implicated, a federal court must consider
> that "the State's highest court is the best authority on its own law. If there be
> no decision by that court then federal authorities must apply what they find
> to be the state law after giving 'proper regard' to relevant rulings of other
> courts of the state." *C.I.R. v. Bosch's Estate*, 387 U.S. 456, 465, 87 S. Ct.
> 1776, 18 L. Ed. 2d 886 (1967).

*In re Williams*, 2025 Bankr. LEXIS 2213, *5-8.   Judge Hursh seems to ignore

what is actually written in the definition of "vehicle" under 49-123(2)(a), and its

language explicitly including a device that may be drawn upon a highway, and

Judge Hursh then cites to two Idaho appellate court cases dealing with the DUI

statute:

> The Idaho Supreme Court has not directly addressed this issue. However,
> two decisions from the Idaho Court of Appeals held that a motor vehicle is
> any self-propelled vehicle regardless of registration status. *State v. Trusdall*,
> 155 Idaho 965, 318 P.3d 955, 959-60 (Idaho Ct. App. 2014) ("The plain
> language of Idaho Code § 49-123(2)(g) continues to define motor vehicles as
> every vehicle which is self-propelled. The requirement that a vehicle meet
> the federal standards applies only 'for the purpose of titling and
> registration'"); *State v. McKie*, 163 Idaho 675, 417 P.3d 1001, 1005-06
> (Idaho Ct. App. 2018) *review denied* (May 23, 2018) ("First, a motor vehicle
> is any vehicle which is self-propelled. Second, for purposes of titling and
> registration, the vehicle must also meet federal motor vehicle safety
> standards as defined in I.C. § 49-107. Third, certain vehicles are not motor
> vehicles ["vehicles moved solely by human power, electric personal assistive
> mobility devices and motorized wheelchairs or other such vehicles that are
> specifically exempt from titling or registration requirements . . . .]").

Although neither *Trusdall* nor *McKie* not involve exemptions, this Court sees no reason to read an additional requirement into the definition. To the extent the statutory definition of motor vehicle has been interpreted by Idaho state courts in a manner that renders the status of registration inapplicable, consistency dictates a similar interpretation be adopted for purposes of exemption law by this Court. Neither the exemption statute, the statutory definition of vehicle nor Idaho cases interpreting the statutory definition of vehicle include any requirement that a motor vehicle be registered, licensed, insured, or anything beyond self-propelled to be a motor vehicle. Reading that definition to include a registration requirement reflects a construction at odds with the state court's interpretation.

*In re Williams*, 2025 Bankr. LEXIS 2213, *5-8.

Judge Hursh does not consider the definition of a "vehicle" as provided for in 49-123(2)(a), as considered and interpreted by Judge Pappas and all other bankruptcy court decisions in Idaho, and focuses only on the definition of a "motor vehicle," as stated in 49-123(2)(h). Judge Hursh also does not address whether his broad interpretation is consistent with the principal purpose of the vehicle exemption law. Rather, Judge Hursh cites to cases interpreting a "motor vehicle" in regard to Idaho Code Ann. § 18-8004, a statute establishing a crime of driving under the influence ("DUI Statute").

*Trusdall* and *McKie* are both decisions dealing with the Idaho DUI statute. The Appellate Courts in those decisions interpreted a "motor vehicle" to be broader, as any self-propelled vehicle, in order to fulfill the purpose of the DUI statute. In *State v. McKie*, the court affirmed a decision that a moped was a motor *vehicle for purpose of the DUI statute*, Idaho Code Ann. § 18-8004 because under

Idaho Code Ann. § 49-123(2)(h), the exclusion of vehicles without titling and/or

registration requirements only applied to vehicles that were of the same class, type,

or sort as those listed in the statute, and since a moped was not a vehicle that is of

the same class, type, or sort of vehicle listed in the statute, a moped was not within

the exclusions to the definition of motor vehicle, and a moped was a motor vehicle.

*State v. McKie*, 163 Idaho 675, 677 (Ct. App. 2018).

> The *McKie* court reasoned further, that:

> When the appellate court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. Constructions of an ambiguous statute that would lead to an absurd result are disfavored.

*Id*. at 677-678.   For purposes of the DUI statute, in the context of the words, the

public policy behind the statute, and legislative history, the court reasoned that a

broader interpretation of a "motor vehicle" fulfills the purpose of the DUI statute,

to protect citizens upon roadways from drunk drivers, and only excludes vehicles

moved solely by human power, electric personal assistive mobility devices and

motorized wheelchairs or other such vehicles that are specifically exempt from

titling or registration requirements.  *McKie* at 677 (emphasis added).

Additionally, *State v. Trusdall*, 155 Idaho 965, 318 P.3d 955 (Ct. App. 2014) ruled that <u>for purposes of the DUI charge</u>, a motor vehicle is a self-propelled vehicle (emphasis added).   Idaho Code § 18-8004 provides in pertinent part:

> It is unlawful for any person who is under the influence of alcohol . . . to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

In *Trusdall*, the Court interpreted portions of this provision to determine whether a utility type vehicle (UTV) is a motor vehicle for purposes of the DUI statute. *Trusdall*, 155 Idaho at 969-70, 318 P.3d at 959-60. In *Trusdall*, we rejected the argument that because the vehicle, a UTV, did not meet federal motor vehicle safety standards, it was not a "motor vehicle" for purposes of the DUI statute. *Id.*  We concluded that a UTV was a motor vehicle because it was self-propelled and based on the plain language of the statute, the phrase regarding federal motor vehicle safety standards only applied to registration and titling requirements and <u>failure to meet them did not withdraw such vehicles from the definition of motor vehicles</u>.  *McKie* at 678-679 *(emphasis added)*.

The purpose of the DUI statute is far different than the principal purpose of Idaho Code 11-605(3), which is to protect the debtor's means of transportation to meet ordinary daily needs.  To allow a defendant to avoid prosecution of a DUI, if they are operating a nonregistered vehicle, would not fulfill the purpose of the DUI

statute, just as allowing a debtor to exempt a vehicle that is not legally operable does not fulfill the purpose of the exemption statute.

**D.    The Court's Decision Opens the Door For Any Motor Vehicle to be Exempted, Leading to Absurd Results That Are Inconsistent With the Purpose of the Vehicle Exemption Statute**

Over the last 20 years, Idaho decisions have refused to construe the statute in a manner so as to include off-road vehicles, recreational vehicles, or those vehicles whose operation on the public highways would be illegal. Judge Hursh's decision allows any self-propelled vehicle to be exempted, whether illegal on the highways or not. Again, allowing any self-propelled vehicle to be exempted is not consistent with the purpose of the statute, which is to protect the debtor's means of transportation to meet ordinary daily needs. A vehicle must be legally operable on the roadways, and therefore must be properly registered. The Court's decision effectively ignores the "is or may be used upon the highway" component, and such a broad interpretation leads to absurd results in which any self-propelled golf cart, lawn mower, and/or any other machine that generates its own power for movement to be exempted, whether registered or not. To be able to register a vehicle to be legally operable, a debtor needs to comply with the laws of Idaho and have the vehicle properly registered in order to claim the exemption in filing bankruptcy.

The trustee has objected to the debtor's claim of exemption in this case because the vehicle was not registered on the date the debtor filed bankruptcy. As

Judge Pappas concluded, there is no basis in this instance for the Court to vary its longstanding approach to interpretation of the exemption statute. *In re Sanders*, 2003 Bankr. LEXIS 2217, *10. This has been interpreted consistently by the United States Bankruptcy Court for the District of Idaho, and the statute has not materially changed over the course of its history.

Judge Hursh's interpretation varies the longstanding approach to the exemption statute, and allows off-road vehicles, recreational vehicles, and other vehicles, whose operation on the public highways would be illegal, to be exempted. Moreover, any vehicle that has its own built-in system to propel itself forward is self-propelled and could be exempted under Judge Hursh's interpretation, including self-propelled wheelchairs, motor scooters, and even self-propelled lawnmowers. This is not consistent with the purpose of the statute.

## VI.    CONCLUSION

As outlined above, a vehicle must be lawfully registered for a debtor to claim an exemption under Idaho Code § 11-605(3). The Bankruptcy Court erred when it ruled that registration is not necessary to claim the exemption and thereby reversing years of Idaho case law in deciding that a vehicle only needs to be self-propelled to qualify as a "motor vehicle" for purposes of claiming an exemption. The Bankruptcy Court's decision should be reversed, and Trustee's Objection should be sustained.

DATED this 12th day of December, 2025.

/s/ Timothy R. Kurtz
Appellant/Chapter 7 Trustee

<u>CERTIFICATE OF COMPLIANCE WITH F.R.B.P. 8015(a)(7)(B)</u>

1.  This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because this brief contains around 4,086 words, excluding the parts of the brief exempted by Fed. R. Bankr. P. 8015(g).

2.  This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

DATED this 12th day of December, 2025.


   /s/ Timothy R. Kurtz
   Appellant/Chapter 7 Trustee

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of December, 2025, I filed the foregoing APPELLANT'S OPENING BRIEF electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

D. Blair Clark                    ☒ Via CM/ECF
(dbc@dbclarklaw.com)              notification
*Attorneys for Appellee*

_____ /s/ Timothy R. Kurtz _____