# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>BRITTANY NICOLE WILLIAMS<br><br>Debtor. | Case No. **25-00264-BPH**<br><br>Chapter 7 |
| TIMOTHY R. KURTZ, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the above-referenced Debtor,<br><br>Appellant,<br>v.<br><br>BRITTANY NICOLE WILLIAMS,<br><br>Appellee. | United States District Court<br><br>Case No. 1:25-cv-00549-BLW<br><br>APPELLEE'S BRIEF |

Appeal from the United States Bankruptcy Court for the District of Idaho
The Honorable Benjamin P. Hursh, presiding

| | |
|---|---|
| Timothy R. Kurtz, Chapter 7 Trustee<br>PO Box 956<br>Boise, ID 83702<br>(208) 287-8125<br>trk@kurtztrustee.com<br>Chapter 7 Trustee | D. Blair Clark, ISB# 1367<br>967 E. Parkcenter Blvd., #282<br>Boise, ID 83706<br>(208) 475-2050<br>dbc@dbclarklaw.com<br>Attorney for Debtor-Appellee Brittany Williams |

APPELLEE'S BRIEF--Page 1

## TABLE OF CONTENTS

Cover Page..................................................................................1

Table of Contents.......................................................................2

Table of Authorities...................................................................3

Cases......................................................................................3,4

Statutes....................................................................................4

Rules.........................................................................................<u>4</u>

Disclosure Statement................................................................5

Jurisdictional Statement………………….............................5

Standard of Appellate Review……………….....................5

Statement of the Case...............................................................6

Summary of Argument..............................................................7

Argument..................................................................................7

Introduction and Overview…....................................................7

Exemptions Are To Be Construed Liberally in
Favor of Debtors........................................................................8

Exemption Statutes Re Motor Vehicles............ .......................9

Statutory Definitions of "Vehicle" and "Motor Vehicle" ...... ........ 11

Historical Analysis of Prior Decisions............................................12

Historical Analysis of Statutory Definitions................................ 12

Judge Hursh's Decision as a Reversal of Existing Law..............17

Conclusion........................................................................19

Certificate of Service.........................................................20

## TABLE OF AUTHORITIES:

*CASES*

In re Koopal, 226 B.R. 888, 890 (Bankr. D........................................................10

261 B.R. 32, 33 (Bankr. D. Idaho 2001)............................................................10

Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999) ...................10

Culver, L.L.C. v. Chiu (In re Chiu), 226 B.R. 743, 751 (9th Cir. .....................................10

In re Aden, Case 1:12-cv-00191-BLW:...............................................................6

In re Atkinson, 22-00024-NGH ...........................................................................12

In re Campbell, 07-01791-JDP ............................................................................9

In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998) ...............................................6

In re George, 177 F.3d 885, 887 (9th Cir. 1999) .................................................6

In re Gitts, 116 B.R. 174 (B.A.P. 9th Cir. 1990) .................................................18

In re Golden, 789 F.2d 698, 700 (9th Cir.1986) .................................................18

In re Katseanes, 07.4 I.B.C.R. 79, (Bankr. D. Idaho 2007)................................10

In re Kline, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) .....................................10

In re Pw, LLC, 391 B.R. 25 (B.A.P. 9th Cir. 2008) .............................................6

In re Sanders, 03.1 I.B.C.R. 57, 58 (Bankr. D. Idaho 2003) ..............................12

APPELLEE'S BRIEF--Page 3

In re Wolf, 248 B.R. 365 (B.A.P. 9th Cir. 2000)..............................................................18

In re Yackley, 03.1 I.B.C.R. 84, 84 (Bankr. D. Idaho 2003)..............................................10

Lang v. Nowak (In re Tober), 688 F.3d 1160, 1163 (9th Cir. 2012)...................................8

Ritter Ranch Dev., L.L.C., v. City of Palmdale (In re Ritter Ranch Dev., L.L.C.), 255 B.R. 760, 763 (9th Cir. BAP 2000). .....................................................................................6

State v. Burnight, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999 .....................................14

State v. Escobar, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000)...............................14

State v. McKie, 163 Idaho 675, 417 P.3d 1001, (Idaho App. 2018) .................................14

State v. Reyes , 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).......................14

State v. Trusdall, 318 P.3d 955, 959–60 (Idaho Ct. App. 2014) ......................................13

Village Nurseries v. Gould (In re Baldwin Builders), 232 B.R. 406, 410 (9th Cir. BAP 1999)...................................................................................................................5

**STATUTES**

Idaho Code §49- 123(2)(h) ........................................................................... 7,8-9,11-14

Idaho Code §49-107.......................................................................................................15

Idaho Code §49-123(2)(a)...............................................................................................11

11 U.S.C. § 522(b)(3)(A)............................................................................................9, 10

**RULES**

FRBP 4003(c) .................................................................................................................10

FRBP 8012 .......................................................................................................................5

FRBP 8014(b) ..................................................................................................................5

## DISCLOSURE STATEMENT

Pursuant to FRBP 8012, Debtor concurs with Trustee that she is the only Debtor in this case and is not a corporation or other entity except a natural person.

## JURISDICTIONAL STATEMENT

Pursuant to FRBP 8014(b), Debtor concurs with the allegations of jurisdiction contained in the Appellant's Brief.  Debtor also concurs with the statement that the decision of Judge Hursh from which this appeal was taken by the Trustee is an appealable order and that this Court has appellate jurisdiction over the issues herein.

## STATEMENT OF ISSUES ON APPEAL

Debtor concurs with the Statement of Issues on appeal in the Appellant's Brief.

## STANDARD OF APPELLATE REVIEW

Appellee does not totally concur with the Appellant's assertions that this appeal is a pure question of law.  Rather, there are several issues of fact that were decided by Judge Hursh as they relate to motor vehicles and exemptions.  Thus, the correct standard is stated as described in In re Pw, LLC:

> We review the bankruptcy court's conclusions of law and questions of statutory interpretation de novo, and factual findings for clear error." Village Nurseries v. Gould (In re Baldwin Builders), 232 B.R. 406, 410 (9th Cir. BAP 1999) (citations

APPELLEE'S BRIEF--Page 5

omitted). See also Ritter Ranch Dev., L.L.C., v. City of Palmdale (In re Ritter Ranch Dev., L.L.C.), 255 B.R. 760, 763 (9th Cir. BAP 2000).

In re Pw, LLC, 391 B.R. 25 (B.A.P. 9th Cir. 2008)

This Court has ruled on the appellate standard of review in its decision of In re Aden, Case 1:12-cv-00191-BLW:

> District courts review bankruptcy court decisions in the same manner as would the Ninth Circuit. See In re George, 177 F.3d 885, 887 (9th Cir. 1999). Thus, the Court reviews the bankruptcy court's conclusions of law de novo and its factual findings for clear error. Id. Mixed questions of law and fact are reviewed de novo. In re Chang, 163 F.3d 1138, 1140 (9th Cir. 1998),

## STATEMENT OF THE CASE

Appellee, Debtor in the Bankruptcy Court, filed for Chapter 7 relief, and Appellant was appointed as the Trustee of this case. As stated in Judge Hursh's decision (Docket 37), Appellee as Debtor filed her petition on April 16, 2025. On Schedule C, Debtor listed a 2020 Kia Sorento and claimed a $10,000 exemption under the applicable Idaho exemption statute. The Kia was unregistered on the petition date.

Appellant objected to Debtor's claim of exemption in her 2020 Kia Sorrento, which was claimed under Idaho Code §11-605(3), which provides that "(3) An individual is entitled to . . . an exemption of one (1) motor vehicle to the extent of a value not exceeding ten thousand dollars ($10,000)." There was no other evidence presented by

APPELLEE'S BRIEF--Page 6

the Trustee showing whether the vehicle was wrecked, inoperable, or in any other way not a "motor vehicle" as defined by Idaho Code §49- 123(2)(h).   Trustee's <u>sole</u> basis for his Objection to Exemption was the expired registration.

## SUMMARY OF ARGUMENT

The exemption taken by the Debtor in the motor vehicle in question is proper under Idaho Code §11-605(3) as the vehicle is self-propelled and is a vehicle and motor vehicle as defined by the current Idaho definitions of Idaho Code §49-123(h) and (2)(a). The registration requirement of prior cases is no longer valid and the Idaho Court of Appeals has construed the statutes in support of Appellee's position.   Judge Hursh's decision is correct and should be affirmed.

## ARGUMENT

<u>INTRODUCTION AND OVERVIEW</u>:   Judge Hursh overruled the Appellant's Objection to Claim of Exemption (Docket 37) in what Appellee believes is a properly analyzed analysis of the current law in Idaho on the exemptions of motor vehicles. Trustee, Appellant herein, believes that the decision improperly ignores prior decisions of Idaho Bankruptcy Court judges.   He asserts that Judge Hursh's decision is "Inconsistent with the Purpose and Intent of the Vehicle Exemption Statute"; that it "Opens the Door

APPELLEE'S BRIEF--Page 7

For Any Motor Vehicle to be Exempted, Leading to Absurd Results" and therefore should be overruled.

<u>EXEMPTIONS ARE TO BE CONSTRUED LIBERALLY IN FAVOR OF DEBTORS:</u>   At the outset, the Appellant is urging the Court to construe exemptions strictly against the Debtor.   However, this is incorrect and is contrary to this Court's decisions on exemption.   Particularly in <u>In re Aden</u>, supra, this very Court held: "The problem with this observation is that it suggests the exemption should be construed narrowly when, in fact, the opposite is true – *the court must liberally construe exemptions in favor of the debtor.*   See <u>Lang v. Nowak (In re Tober)</u>, 688 F.3d 1160, 1163 (9th Cir. 2012). (emphasis added).   Interestingly, the <u>Tober</u> decision was authored by Judge N. Randy Smith, a distinguished Idaho jurist.

Judge Smith in <u>Tober</u> made another holding on which this Court can, and should, rely in determining the construction of the Idaho statutes as urged by the Trustee:

> The Trustees argue that any ambiguity is overcome by the clear legislative history. We are dubious of the proposition that legislative history could ever be used to overcome the presumption in the debtors favor created by ambiguous text. However, assuming this could occur, we disagree that the legislative history in this case is clear enough to rebut the textual presumption in favor of the debtor.

<u>Tober,</u> supra.

APPELLEE'S BRIEF--Page 8

<u>EXEMPTION STATUTES RE MOTOR VEHICLES:</u>   Judge Hursh's decision is based on the current definition of "Motor Vehicle" as prescribed in Idaho Code §49-123(2)(h) as the exemption statute does not define "motor vehicle" in Idaho Code §11-605 or in any other part of the exemption statutes contained in Idaho Coe Title 11, Chapter 6.   An analysis of the statute and its modifications, along with prior decisions of the Bankruptcy Court, should demonstrate to this Court that at the current time, Judge Hursh's decision was correct.

The Trustee's sole argument is that the vehicle cannot be legally operated on the highway due to the lapse in the registration.   The statute on which the cases supporting this construction of the exemption statute, however, has been substantially modified and no longer supports the Trustee's argument.

Prior Idaho Bankruptcy Court decisions on vehicle exemptions were based on the definition of "motor vehicle" as it then existed at the time of the bankruptcy.   For instance, Judge Pappas authored <u>In re Campbell</u>, 07-01791-JDP, in which the Debtor had claimed a vehicle exemption when the subject automobile had been in an accident and was in the shop on the petition date.   The question was whether the vehicle was operable, and thus would qualify for the exemption.   Judge Pappas noted that the Debtor did drive the vehicle immediately following the accident, and the trustee put on no proof

APPELLEE'S BRIEF--Page 9

that the vehicle could not functionally operate on the petition date. Thus, the exemption was allowed. Judge Pappas further recognized that exemptions were to be construed in favor of the Debtor and that the Trustee bears the burden of proving that the Debtor's claim of exemption was improper. See FRBP 4003(c); Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); In re Katseanes, 07.4 I.B.C.R. 79, (Bankr. D. Idaho 2007) The validity of a claimed exemption is determined as of the date of filing of the bankruptcy petition. 11 U.S.C. § 522(b)(3)(A); Culver, L.L.C. v. Chiu (In re Chiu), 226 B.R. 743, 751 (9th Cir. BAP 2001); In re Yackley, 03.1 I.B.C.R. 84, 84 (Bankr. D. Idaho 2003). Exemption statutes are to be liberally construed in favor of the debtor. In re Kline, 350 B.R. 497, 502 (Bankr. D. Idaho 2005) (citing In re Steinmetz, 261 B.R. 32, 33 (Bankr. D. Idaho 2001); In re Koopal, 226 B.R. 888, 890 (Bankr. D. Idaho 1998)).

Campbell bolsters the Debtor's viewpoint that this exemption was proper; the Trustee offered no evidence whatever to contest that the vehicle was operable, had been driven and used by the Debtor, and was in safe and running condition.

APPELLEE'S BRIEF--Page 10

Judge Hursh's Decision, p. 2-3, par. IV-A, recognized the standards for construing the exemption statutes generally and the proper construction thereof in favor of the Debtor.   His decision also properly ruled on the Trustee's burden of proof on objections.

STATUTORY DEFINITIONS OF "VEHICLE" AND "MOTOR VEHICLE":

The statutes on "vehicle" and "motor vehicle" cited by Judge Pappas were the foundation for the objection in <u>Campbell,</u> and the cases cited are the same which give rise to his objection today.   The current citation for the statute is Idaho Code §49-123(h) [formerly numbered 49-123(g)].

The statute in its present form, as noted by Judge Hursh, defines "motor vehicle" as:

> (h) Motor Vehicle.   Every vehicle that is self-propelled, and for the purpose of titling and registration meets federal motor vehicle safety standards as defined in section 49-107, Idaho Code.   Motor vehicle does not include vehicles moved solely by human power, electric personal assistive mobility devices, personal delivery devices, electric-assisted bicycles, and motorized wheelchairs or other such vehicles that are specifically exempt from titling or registration requirements under title 49, Idaho Code.

Idaho Code §49-123(2)(a) defines "vehicle" thus:

> "(2)   "Vehicle" means:
>
> (a)   General. Every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks.

APPELLEE'S BRIEF--Page 11

<u>HISTORICAL ANALYSIS OF PRIOR DECISIONS</u>:   Appellant is focusing on prior decisions of the Idaho Bankruptcy Court which required vehicles to be not only operable but registered on the petition date.   Judge Hursh noted all of those decisions and analyzed them at length, noting that "Historically, this Court has construed the phrase "is or may be transported or drawn upon a highway" as both a physical and legal consideration of permissibility, requiring the vehicle to be both functional and legally operable."   He cited prior cases of <u>In re Sanders</u>, 03.1 I.B.C.R. 57, 58 (Bankr. D. Idaho 2003) and older decisions on vehicles, ending up with Judge Hillen's opinion in <u>In re Atkinson</u>, 22-00024-NGH.   That decision is not published on the Bankruptcy Court's website ("Bankruptcy Judges, Written Decisions") nor cited anywhere that the undersigned has found, save in Judge Hursh's decision.

Judge Hursh then analyzed Idaho court decisions on the meaning of the operable statutes and noted two from the Idaho Court of Appeals that directly contradict the rationale of the <u>Atkinson</u> and <u>Sanders</u> decisions.

<u>HISTORICAL ANALYSIS OF STATUTORY DEFINITIONS</u>:   Debtor believes that the statutory definitions have evolved over the years.   Please note the definitional modifications (all cites are to I.C. Title 49-123, with subsections noted):

APPELLEE'S BRIEF--Page 12

2003:   (g) "Motor vehicle. Every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires but not operated upon rails, except vehicles moved solely by human power, electric personal assistive mobility devices and motorized wheelchairs."   Compare this with the current definition of "motor vehicle" and it is obvious that it reflected a substantial change in definition and applicability.   The definition of "vehicle" itself remained basically unaltered.

The Court of Appeals noted that the definitions changed in 2008.   What is now 49-123(h) was formerly (g), but as of 2020 the Idaho legislature amended the entire chapter, and made the operable statute 49-123(h).   It is the 2020 definitional provisions that are controlling.

And clearly, the statute no longer requires a motor vehicle to be registered in order to be a "motor vehicle."   The Court of Appeals so held in State v. Trusdall, 318 P.3d 955, 959–60 (Idaho Ct. App. 2014) ("The plain language of Idaho Code § 49–123(2)(g) continues to define motor vehicles as every vehicle which is self-propelled.   The requirement that a vehicle meet the federal standards applies only 'for the purpose of titling and registration'").

APPELLEE'S BRIEF--Page 13

Then in State v. McKie, 163 Idaho 675, 417 P.3d 1001, (Idaho App. 2018); review denied: May 23, 2018) the Court of Appeals analyzed the provisions of the statutory definition of "motor vehicle" in detail.   McKie had been arrested and charged with DUI on his moped, and defense counsel moved to dismiss claiming that the moped was not a 'motor vehicle' under the statute.   This made the definition of the statute and its applicability a pure matter of law and statutory construction.   In this regard, the Court of Appeals recognized its duties and parameters of its analysis:

> This Court exercises free review over the application and construction of statutes. State v. Reyes, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. State v. Burnight, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999) ; State v. Escobar, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. Burnight, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. Escobar, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. State v. Beard , 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. Id. It is incumbent upon a court to give an ambiguous statute an interpretation which will not render it a nullity. Id . Constructions of an ambiguous statute that would lead to an absurd result are disfavored. State v. Doe , 140 Idaho 271, 275, 92 P.3d 521, 525.

State v. McKie, 417 P.3d 1001, 163 Idaho 675 (Idaho App. 2018)

The Court of Appeals followed the Idaho statutory guidelines in determining that the moped was, as a matter of law, a motor vehicle.  The Court held that:

> We concluded that a UTV was a motor vehicle because it was self-propelled and based on the plain language of the statute, the phrase regarding federal motor vehicle safety standards only applied to registration and titling requirements and failure to meet them did not withdraw such vehicles from the definition of motor vehicles. Id. We reasoned that to so read the statute otherwise would render language in the statute superfluous and thus contradict the directive that all words and provisions of the statute are to be given effect. Id. at 970, 318 P.3d at 960.

State v. McKie, 417 P.3d 1001, 163 Idaho 675 (Idaho App. 2018)

Their analysis was basically a two-part test:("First, a motor vehicle is any vehicle which is self-propelled." Which relied on the definition of "vehicle" as modified by "self-propelled."  Second, for purposes of titling and registration, the vehicle must also meet federal motor vehicle safety standards as defined in Idaho Code §49-107.  The statute did not, and does not, mandate that the vehicle actually be registered.  The questions were 1) was this a vehicle that was self-propelled, and then 2) did it meet federal motor vehicle safety standards.  Whether it was actually a registered motor vehicle is irrelevant—if it met the safety standards, that was enough.

The Federal motor vehicle safety standards have nothing to do with the exemption. Those are defined in Idaho Code §49-107(5):

APPELLEE'S BRIEF--Page 15

(5) "Federal motor vehicle safety standards (FMVSS)" means those safety standards established by the national highway traffic safety administration, under title 49 CFR part 500-599, for the safe construction and manufacturing of self-propelled motorized vehicles for operation on public highways. Such vehicles as originally designed and manufactured shall be so certified by the manufacturer to meet the federal motor vehicle safety standards or the standards in force for a given model year or as certified by the national highway traffic safety administration.

Judge Hursh correctly noted that when the question is one of statutory construction of a state statute, then the decisions of the State courts should be considered in those interpretations. The decisions prior to the one on appeal read into the statute a requirement that a vehicle be *legally* eligible to be operated on a roadway to be exempt. But the Idaho appellate courts who have ruled on the definition of "motor vehicle" have never so held. They do not consider whether the vehicle is actually titled or registered; they only determine first if it is a vehicle (as defined) which is self-propelled, and then secondly, whether it meets safety standards and is thereby <u>eligible</u> to be registered or titled.

Looking back at prior decisions such as <u>Campbell</u>, that vehicle would still be exempt. The evidence showed that it was in fact self-propelled on the petition date; whether it was in the shop for repairs did not make it otherwise. The decisions which imposed a judicial standard of <u>actual registration</u>, however, would not pass muster under

APPELLEE'S BRIEF--Page 16

the Idaho Court of Appeals decisions construing the definition of "motor vehicle." Whether the judicial limitation was applicable then or not, it is clearly not in the statutory limitations under the law as it is today.

The only limitation on "motor vehicles" for purposes of the definition is whether they were self-propelled and if they met the above definition. The Appellant has made it clear that this is not one of the issues under consideration. Moreover, that provision is not included in the requirements for "exemptions" under §11-605.

<u>JUDGE HURSH'S DECISION AS A REVERSAL OF EXISTING LAW:</u> Appellant takes serious umbrage with Judge Hursh's decision because, in his view, it changes Idaho law where no change is warranted. However, the Appellant ignores that the Idaho Court of Appeals has itself ruled that the ability to operate on the highway, legal or factual, is not a standard under the statute.

The Appellant's position is contrary to the proper standard of review for appellate review of statutory construction under Ninth Circuit law. The review is de novo, whether the lower Federal courts have ruled to the contrary or not. See the 1984 *en banc* decision in <u>Matter of McLinn</u>, 739 F.2d 1395 (9th Cir. 1984), where this factor was the primary issue on appeal. And the Ninth Circuit held that whether or not the lower

APPELLEE'S BRIEF--Page 17

Federal Courts for a district had so ruled to the contrary, the appellate standard was universally to be a de novo review.

> Today we adopt as the law of the circuit the rule that questions of state law are reviewable under the same independent de novo standard as are questions of federal law. In this case, the question of state law arose in an admiralty action; however, our standard of review of a district court's interpretation of state law would be the same in a diversity case or any other case in which the district court's decision involves state law.
>
> Matter of McLinn, 739 F.2d 1395 (9th Cir. 1984)

Moreover, state law at the time of the filing of the petition is what determines the Debtor's right to an exemption in property. In re Wolf, 248 B.R. 365 (B.A.P. 9th Cir. 2000). "The Code continues the law in existence under the Act that a debtor who claims an exemption under state law must comply with the state law in effect at the time of the filing of his bankruptcy petition. In re Golden, 789 F.2d 698, 700 (9th Cir.1986)..." In re Gitts, 116 B.R. 174 (B.A.P. 9th Cir. 1990). In other words, the universal holdings of the Ninth Circuit and the BAP hold clearly that the state law determination of property rights determines eligibility for exempting that property at the date of this petition. At that date, the state law as determined by the Idaho Court of Appeals did not mandate actual registration.

The trustee cannot prevail in this objection.

APPELLEE'S BRIEF--Page 18

CONCLUSION:   Idaho has opted out of the Federal exemptions, and the determination of exemptions under Idaho law is based on the definitions and classifications in existence on the petition date.   The vehicle is in fact able to be registered; it formerly was, and the registration was simply not renewed as of the petition date since Debtor had decided to file for Chapter 7 relief.   But the case has to be decided on the currently-existing statutes and authorities thereunder.   And the current statutes only require that the vehicle be self-propelled.   Registration is a separate provision, and is not decisive on the definition of "motor vehicle" or "vehicle" under Idaho law.

The exemption is proper and the court should so hold.

Dated this 26th day of December, 2025.

    LAW OFFICES OF D. BLAIR CLARK PC

    by___/s/ D. Blair Clark_____
       D. Blair Clark
       Attorneys for Appellee-Debtor

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of December, 2025, I served a copy of the foregoing to:

Timothy R. Kurtz, Trustee
trk@kurtztrustee.com
via ECF

and a copy by email to Brittany Williams, Debtor

_

/s/ D. Blair Clark
D. Blair Clark, for Debtor