Timothy R. Kurtz, ISB: 8774
Chapter 7 Bankruptcy Trustee
PO Box 956
Boise, Idaho 83702
Telephone: (208) 287-8125
Facsimile:  (208) 287-8130
Email: trk@kurtztrustee.com

*Trustee/Appellant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>BRITTANY NICOLE WILLIAMS<br><br>        Debtor.<br>_____<br><br>TIMOTHY R. KURTZ, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the above-referenced Debtor,<br><br>        Appellant,<br><br>v.<br><br>BRITTANY NICOLE WILLIAMS,<br><br>        Appellee. | Bankruptcy Case No. 25-00264-BPH<br><br><br>United States District Court<br>Case No. 1:25-cv-00549-BLW<br><br>**APPELLANT'S REPLY BRIEF** |

Appeal from the United States Bankruptcy Court for the District of Idaho
The Honorable Benjamin P. Hursh, presiding

*(counsel designation to follow on next page)*

Timothy R. Kurtz
Chapter 7 Trustee
PO Box 956
Boise, ID 83702
(208) 287-8125
trk@kurtztrustee.com
*Chapter 7 Trustee*

D Blair Clark
967 E. Parkcenter Boulevard #282
Boise, ID 83706
(208) 475-2050
dbc@dbclarklaw.com
*Attorney for Brittany Nicole Williams*

# TABLE OF AUTHORITIES

**Cases**

In re Atkinson,
    22-00024-NGH ........................................................................................... 6

In re Campbell,
    07-01791-JDP) ....................................................................................... 7, 8

In re Sanders,
    03.1 I.B.C.R. 57 (Bankr. D. Idaho 2003) ............................................. 5, 6, 7

State v. McKie,
    163 Idaho 675 .......................................................................................... 6

State v. Trusdall,
    155 Idaho 965, 318 P.3d 955 (Ct. App. 2014) ........................................ 6

**Statutes**

Idaho Code § 11-605(3) ................................................................................ 4, 5, 6

Idaho Code § 18-8004 ................................................................................... 6

Idaho Code Ann. § 49-123(2)(a) ................................................................... 3, 4, 5

Idaho Code Ann. § 49-123(h) ....................................................................... 4, 5

Appellant, Timothy R. Kurtz, Chapter 7 Trustee, hereby files this Reply in response to the Appellee's Brief.

First, Appellant disputes that there are any issues of fact that were decided by Judge Hursh as they relate to motor vehicles and exemptions.  The parties have agreed that the subject vehicle was not registered on the petition date.  There are no other relevant facts in dispute in this case.  The question at hand is whether an unregistered vehicle can qualify as exempt under Idaho Code § 11-605(3).

Second, the Appellee wrongfully argues that the applicable Idaho statutes have substantially changed.  Appellee made this very argument in his briefing before Judge Hursh, and Judge Hursh addressed this argument, stating that "Debtor contended the underlying statute was amended in 2020.  The Court disagrees, finding only that it was renumbered; the relevant statute previously found at Idaho Code § 49-123(g) became § 49-123(h) effective July 2020."  See Dkt. 37, page 6, footnote 7.  It is clear that the applicable statutes in Idaho have not changed.

Third, Appellee also appears to misconstrue Judge Hursh's decision as to the applicable statutes for defining a motor vehicle for purposes of the vehicle exemption statute.  For example, Appellee states in the Summary of Argument that the vehicle can be exempted under Idaho Code § 11-605(3) because it is a vehicle as defined by the current Idaho definitions of Idaho Code § 49-123(h) **and (2)(a)**,

however, Judge Hursh only considered the definition of "motor vehicle" under 49-123(h), and did not include the "vehicle" definition of Idaho Code § 49-123(2)(a), as being applicable to Idaho Code § 11-605(3). Judge Hursh found that including the (2)(a) definition was not persuasive.

Appellant discussed Judge Pappas's reasoning in *In re Sanders*, 03.1 I.B.C.R. 57 (Bankr. D. Idaho 2003); 2003 Bankr. LEXIS 2217, *1, that because the definition of "motor vehicle" under the Idaho Code incorporates the term "vehicle," the Court must also consult Idaho Code Ann. § 49-123(2)(a) and utilize the definition of "vehicle" found therein. That section defines "vehicle" generally as "every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks." Idaho Code Ann. § 49-123(2)(a). In interpreting Idaho law, Judge Pappas further explained that the "is or may be used upon the highway" component of the definition of an exempt motor vehicle is a reference to the lawful use of the vehicle. If the subject vehicle could not be lawfully operated on a public street or highway, the Court has refused to allow the debtor to claim an exemption under Idaho Code § 11-605(3). At a minimum, that requires the vehicle to be registered and properly equipped in accordance with Idaho's motor vehicle laws. Such approach is consistent with the purpose of the motor vehicle exemption law.

Fourth, Appellee does not address the distinguishing arguments Appellant made regarding Idaho Court of Appeals cases interpreting an Idaho DUI statute versus the Bankruptcy Court's interpretation of the subject statute of Idaho Code § 11-605(3).  The Idaho Court of Appeals in *Trusdall* and *McKie* interpreted a "motor vehicle" to be broader, as any self-propelled vehicle, in order to fulfill the purpose of the DUI statute of Idaho Code § 18-8004.  Idaho Bankruptcy Courts interpreting Idaho law have concluded that for purposes of determining whether something qualifies as a "motor vehicle" under the exemption statute, the courts have focused on two issues: (a) whether the vehicle was self-propelled; and (b) capable of being lawfully operated on the public roadways.  See e.g., *In re Atkinson*, 22-00024-NGH; *In re Sanders*, 2003 Bank. LEXIS 2217, *6-7 (the vehicle must be "street legal" to qualify for an exemption).  Judge Pappas considered the statutory and decisional backdrop in interpreting Idaho law for purposes of the exemption statute, that a vehicle must be capable of being lawfully operated on a public street or highway, and at a minimum the vehicle must be registered and properly equipped in accordance with Idaho's motor vehicle laws.  *In re Sanders*, 2003 Bankr. LEXIS 2217, *9.  In this fashion, the interests of both the debtor and the public can properly be accommodated.  *Id*.

Appellee argues instead that "the statute on which the cases supporting this construction of the exemption statute, however, has been substantially modified

and no longer supports Trustee's argument" that a vehicle cannot be legally operated on the highway due to the lapse in the registration. See Appellee's Brief, pages 9-10. Appellee cites to *In re Campbell*, 07-01791-JDP to ostensibly argue that there has been some modification and that a vehicle does not need to be registered to be legally operable. However, *In re Campbell* dealt with the sole issue of whether the debtor's vehicle was operable after an accident. The Court even stated that there is no indication in the record that, on the date of the bankruptcy filing, the vehicle was not properly registered. See *In re Campbell*, Dkt. 28, Memorandum and Decision, page 9. In fact, Judge Pappas refers to his decision in *In re Sanders* stating that the Court has previously addressed the "street legal" issue, and held that:

> In order for a vehicle to qualify as exempt under Idaho Code § 11-605(3), that vehicle must not only be self-propelled, but also must be capable of being lawfully operated on a public street or highway. At a minimum, that requires the vehicle to be registered and properly equipped in accordance with Idaho's motor vehicle laws. This approach is consistent with the purpose of the motor vehicle exemption law. While exemption statutes are to be construed liberally in favor of the debtor, the principal purpose of the motor vehicle exemption is to protect the debtor's means of transportation to meet ordinary daily needs.

*In re Campbell*, p. 9, citing *Sanders*, 03.1 I.B.C.R. at 58.

In the *Campbell* case, there was nothing in the record that the vehicle was not registered or that the vehicle had been altered prior to the accident rendering it

improperly equipped to be operated on the roads, rather, the court was only addressing whether the accident itself rendered the vehicle improperly equipped to be driven on the roadways of Idaho, and the evidence suggested it could be driven. Thus, the facts of *In re Campbell* are not directly on point with the matters before this Court, and the Appellee's suggestions that somehow registration is not applicable because of some change in the statute is clearly not supported. *In re Campbell* is a case decided in 2008, and Appellee fails to distinguish other relevant cited cases in Appellant's Brief, including *In re Haworth* from 2019.

Lastly, there is no basis in this instance for the Court to vary its longstanding approach to interpretation of the exemption statute. Idaho law has been interpreted consistently by the United States Bankruptcy Court for the District of Idaho, and the statute has not materially changed over the course of its history.

## I.      CONCLUSION

The Bankruptcy Court's decision should be reversed, and Trustee's Objection should be sustained.

DATED this 9th day of January, 2026.

/s/ Timothy R. Kurtz
Appellant/Chapter 7 Trustee

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of January, 2026, I filed the foregoing APPELLANT'S REPLY BRIEF electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| D. Blair Clark<br>(dbc@dbclarklaw.com)<br>*Attorneys for Appellee* | ☒ Via CM/ECF notification |

          /s/ Timothy R. Kurtz